

**FILED**
VANESSA L. ARMSTRONG, CLERK

JUL 2 4 2020

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:19-cr-38-RGJ

MARK A. LUNDY                                              Defendant

\* \* \* \* \*

**JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.  Then I will explain some rules that you must use in evaluating testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

### JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

4

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

5

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

2) Let me suggest some things for you to consider in evaluating each witness's testimony

A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the

8

witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

9

3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

10

Next, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Moreover, the number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.

For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Your job is limited to deciding whether the government has proved the crimes charged.

11

## DEFINITION OF THE CRIME

### Possession of a firearm by a prohibited person
### Count 1 and Count 5

The defendant is charged with the crime of possession of a firearm by one who is an unlawful user of marijuana.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:    That the defendant was an unlawful user of marijuana.

Second:   That the defendant knew he was an unlawful user of marijuana.

Third:    That the defendant, at the time of the drug use, knowingly possessed a firearm specified in the indictment.

Fourth:   That a specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky. The government and the defendant have agreed that the following weapons are "firearms" under the law, and any possession of them in Kentucky would be "in or affecting commerce": the Ruger, Model M77, .308 caliber rifle, the Savage (North and Savage), .17HMR rifle, the Hi-Point, 9 mm pistol, the Ruger MK III, .22 caliber pistol, the Wright/Henry, .22 caliber lever action rifle, the Savage, Model 11, .308 caliber rifle, the Ruger Model M77, MK II, .308 caliber rifle, the Mossberg model 500, 12 gauge shotgun, the Remington model 1100, 20 gauge shotgun, the Akkar Silah Sayani, 20 gauge shotgun, the Remington model 870 Express, 12 gauge shotgun, the Marlin, model 25MN, .22 caliber rifle, the Ruger, Super Red Hawk, .44 magnum revolver, the Smith & Wesson, Model 22A-1, .22 caliber pistol, Ruger, model GP100 .357 magnum revolver, the Ruger MK II, .22 caliber pistol, the Mossberg, Model 500E, .410 caliber shotgun, and the Ruger Model 10-22, .22 caliber rifle. Therefore, you must accept this fact as proved.

Now I will give you more detailed instructions on some of these elements.

A) To establish "possession," the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it. But understand

12

that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

B) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

C) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

D) The term "unlawful user of a controlled substance" contemplates the regular and repeated use of a controlled substance in a manner other than as prescribed by a licensed physician. The one time or infrequent use of a controlled substance is not sufficient to establish the defendant as an "unlawful user." Rather, the defendant must have been engaged in use that was sufficiently consistent and prolonged as to constitute a pattern of regular and repeated use of a controlled substance. The government need not show that defendant used a controlled substance at the precise time he possessed a firearm. It must, however, establish that he was engaged in a pattern of regular and repeated use of a controlled substance during a period that reasonably covers the time a firearm was possessed.

Remember that while Counts One and Five have the same elements, they concern different dates. You must therefore consider Counts One and Five separately.

Count One charges that, on or about and between July 31, 2018 and September 20, 2018, the defendant, with knowledge that he was an unlawful user of marijuana, knowingly possessed, in and affecting interstate commerce, a specified firearm.

If you are convinced that the government has proved all of the elements for Count One, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of Count One

Count Five charges that, on or about February 27, 2019, the defendant, with knowledge that he was an unlawful user of marijuana, knowingly possessed, in and affecting interstate commerce, a specified firearm.

If you are convinced that the government has proved all of these elements for Count Five, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of Count Five

14

## DEFINITION OF THE CRIME

### Manufacturing a controlled substance
### Count 2, Count 4, and Count 6

The defendant is charged with the crime of manufacturing marijuana. Marijuana is a controlled substance.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:          The defendant manufactured marijuana.

Second:          The defendant did so knowingly.


Now I will give you more detailed instructions on some of these terms.

A) The term "manufacture" means the production of marijuana either directly or indirectly by extraction from substances of natural origin.  The term "production" includes the planting, cultivating, growing, or harvesting of a controlled substance.

B)  To prove that the defendant knowingly manufactured the marijuana, the defendant did not have to know that the substance was marijuana.  It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much marijuana he manufactured.  It is enough that the defendant knew that he manufactured some quantity of controlled substance.

Remember that while Counts Two, Four, and Six have the same elements, they concern different dates. You must therefore consider Counts Two, Four, and Six separately.

Count Two charges that, on or about July 31, 2018, the defendant knowingly manufactured marijuana. If you are convinced that the government has proved all of the elements for Count Two, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of Count Two.

Count Four charges that, on or about September 20, 2018, the defendant knowingly manufactured marijuana. If you are convinced that the government has proved all of these elements for Count Four, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of Count Four.

Count Six charges that, on or about February 27, 2019, the defendant knowingly manufactured marijuana. If you are convinced that the government has proved all of these elements for Count Six, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of Count Six.

16

## DEFINITION OF THE CRIME

### Possession of Marijuana
### Count 3

The defendant is charged with the crime of possessing marijuana. Marijuana is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: The defendant possessed marijuana.

Second: The defendant did so knowingly.

Now I will give you more detailed instructions on some of these terms.

A) To establish "possession," the government must prove that the defendant had direct, physical control over the marijuana, and knew that he had control of it. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the marijuana, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

B) To prove that the defendant "knowingly" possessed the marijuana, the defendant does not have to know that the substance was marijuana. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much marijuana he possessed. It is enough that the defendant knew that he possessed some quantity of marijuana.

Count Three charges that, on or about July 31, 2018, the defendant knowingly possessed marijuana. If you are convinced that the government has proved all of the elements for Count

17

Three, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of Count Three.

## DEFINITIONS OF MARIJUANA AND HEMP

Now I want to say a few words to you about the difference between marijuana and hemp.

"Marijuana" means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin.

But, the term "marijuana" does <u>not</u> include hemp or the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

"Hemp" means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.  Hemp is not a controlled substance.

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DELIBERATE IGNORANCE

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious.  If you are convinced that the defendant deliberately ignored a high probability that the Cannabis sativa L. was marijuana, then you may find that he knew it was a marijuana.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that it was a marijuana, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of Kentucky State Police Detective Clint Walker and Pamela Jarboe, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept their opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how they reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

22

## OPINION TESTIMONY

You have heard the testimony of DEA Senior Forensic Chemist Elizabeth Guest, Forensic Toxicologist Kimberly Peterson, Dr. Paschall, and Patrick Minno who testified as opinion witnesses.

You do not have to accept their opinions. In deciding how much weight to give them, you should consider the witness's qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

23

## STATEMENT BY DEFENDANT

You have heard evidence that the defendant made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

## DELIBERATIONS AND VERDICT

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

25

### RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

30

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Courtroom Security Officer.

31

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                    Criminal Action No. 3:19-cr-38-RGJ

MARK A. LUNDY                                               Defendant

## **VERDICT FORM**

We, the jury, find the defendant, Mark Lundy:

As to Count 1, Possession of a Firearm by a Prohibited Person:

      GUILTY_____                NOT GUILTY_____


_____        _____
Foreperson                       Juror No.


Date: _____


As to Count 5, Possession of a Firearm by a Prohibited Person:

      GUILTY_____                NOT GUILTY_____


_____        _____
Foreperson                       Juror No.


Date: _____

34

As to Count 2,  Manufacturing a Controlled Substance:

GUILTY_____                    NOT GUILTY_____


_____        _____
Foreperson                                    Juror No.



Date: _____


As to Count 4,  Manufacturing a Controlled Substance:

GUILTY_____                    NOT GUILTY_____


_____        _____
Foreperson                                    Juror No.


Date: _____


As to Count 6, Manufacturing a Controlled Substance:

GUILTY_____                    NOT GUILTY_____


_____        _____
Foreperson                                    Juror No.


35

Date: _____

As to Count 3, Possession of a Controlled Substance:

      GUILTY_____         NOT GUILTY_____

                    _____   _____

                    Foreperson                 Juror No.

                    Date: _____