UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                       Criminal Action No. 3:19-cr-38-RGJ

MARK LUNDY                                                                                  Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

A jury convicted Defendant, Mark Lundy, of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) (Count 1), manufacturing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) (Count 2 and Count 6), and possession of a controlled substance in violation of 21 U.S.C. § 844(a) (Count 3). [DE 67; DE 22]. Lundy timely moves for a judgment of acquittal under Fed. R. Crim. P. 29 or, in the alternative, a new trial under Fed. R. Crim. P. 33. [DE 71]. The United States responded. [DE 82]. This matter is ripe. Having considered the parties' filings and the applicable law, the Court **DENIES** Lundy's Motion  [DE 71].

**I.      DISCUSSION**

**A.      Motion for Judgment of Acquittal Under Rule 29**

1.     Legal Standard

Lundy moves for a judgment of acquittal under Rule 29 for Counts 1, 2, 3, and 6.  *Id.* at 269.  A court should grant a motion for judgment of acquittal under Rule 29 only when the evidence admitted at trial, viewed in the light most favorable to the United States, was insufficient to permit a rational trier of fact to find guilt beyond a reasonable doubt. *United States v. Connery*, 867 F.2d 929, 930 (6th Cir. 1989) (citations omitted).  Put differently, a court should not grant a motion of acquittal unless "'the prosecution's failure is clear.'" *Id.* (quoting *Burks v. United*

1

*States*, 437 U.S. 1, 17 (1978)). In evaluating challenges to sufficiency of evidence, courts must not "weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Siemaszko*, 612 F.3d 450, 462 (6th Cir. 2010) (citations and quotation omitted). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.'" *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 2004) (quoting *United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir. 1989) (citation and quotation omitted)).

   2. Count 1—Possession of a Firearm by a Prohibited Person

      a.   *Sufficiency of evidence*

Lundy argues that "[w]ith regard to the counts charging [him] with possession of firearms by a prohibited person, the evidence was insufficient to prove beyond a reasonable doubt that [he] *knowingly and unlawfully* possessed the firearms, when he reasonably believed he was not a 'prohibited person.' The government's proof failed to establish the element of *mens rea*." [DE 71 at 270-271 (emphasis in original)]. Citing *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), Lundy also argues that the United States failed to prove that he "'possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm.'* The government did not produce any evidence that would suffice to prove that element." *Id.* at 71. The United States disagrees: "There was sufficient evidence introduced to convict Mr. Lundy on Count 1, and Defendant's Motion for Judgment of Acquittal as to that Count must be denied. His argument that the prosecution must prove that Mr. Lundy knew that he was prohibited person is not supported by the decisions in *Rehaif v. United States*, —— U.S. ——, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), and *United States v. Bowens*, 938 790 (6th Cir. 2019)." [DE 82 at 361].

To sustain a conviction for possession of a firearm by a prohibited person, the United States "'must prove . . . that the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm.'" *Bowens*, 938 F.3d 790, 793 (6th Cir. 2019), *cert. denied sub nom. Hope v. United States*, 140 S. Ct. 814 (2020), and *cert. denied*, 140 S. Ct. 2572 (2020) (quoting *United States v. Burchard*, 580 F.3d 341, 350 (6th Cir. 2009)).

The United States' evidence against Lundy was enough to support the jury's verdict that he was an unlawful user of a controlled substance while in possession of a firearm. *Bowens* is on point. There, as here, the defendants argued that "even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant 'knew he was prohibited from possession [of a firearm] because he was an unlawful user of a controlled substance' that in other words he 'knew of his status as a prohibited person.'" *Id.* at 797. The Sixth Circuit disagreed and reasoned that "*Rehaif* did not graft onto 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Id.* Thus, under § 922(g)(3), "the Government . . . must prove that defendants knew they were unlawful users of a controlled substance, but not, as defendants appear to argue, that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law." *Id.*

Here, the United States carried its burden by presenting evidence that Lundy "knew he was an unlawful user[] of controlled substances." *Id.* During trial, the United States admitted Lundy's prior testimony about his prolonged marijuana use. [DE 82 at 360]. Lundy testified that he smokes pounds of marijuana a year, is a lifelong smoker of marijuana, and eats, drinks, and smokes

3

marijuana. *Id.* The United States also admitted Lundy's incriminating statements to a Kentucky State Police trooper:

> I don't sell marijuana. I sell oil. I'll give you some marijuana. I'll smoke some with you.
>
> I don't sell weed. I gave people weed but I don't sell it.
>
> What little bit of marijuana here is my personal use, my stash.
>
> I got 2 pounds [of marijuana] out there in the freezer.
>
> But I do not sell weed. I have peoples asked me, and no. I might give you a joint but I will not sell it to you. That's five fucking years.
>
> I got my personal use. I done testified that before. I got my stuff for myself.
>
> I do not sell weed. You cannot buy weed from me. I've had a few people try. I'll give you one but I ain't . . . that's 5 years.

*Id.* at 354-355.

Law enforcement officers recovered several issues of "High Times" magazine from his house, as well as drug paraphernalia used to smoke marijuana. *Id.* at 354. Lundy also admitted that he knew which plants in his underground grow operation were "hot." *Id.* at 360. And his hair and urine samples contained elevated levels of THC. *Id.* at 356-357. As to Lundy's possession of firearms, the jury heard testimony that law enforcement officers recovered numerous firearms from Lundy's house. *Id.* The evidence admitted at trial, viewed in the light most favorable to the United States, was sufficient to permit a rational trier of fact to convict Lundy of Count 1. *See Burchard*, 580 F.3d at 353 ("Reasonable jurors could have concluded from this evidence that Burchard's use of crack cocaine was regular, sustained, and contemporaneous with his possession of the five firearms" because, among other things, "warrants executed at [his] farm uncovered four . . . firearms he owned, as well as drug paraphernalia, some of which tested positive for cocaine. Further, [his] blood and urine samples . . . yielded positive

test results for cocaine"); *United States v. Bellamy*, 682 F. App'x 447, 451 (6th Cir. 2017) ("Defendant stated that the officers would find a loaded firearm in his bedroom. He also testified to smoking marijuana on a regular basis. For these reasons, we hold that there was evidence in the record that Defendant engaged in repeated use of marijuana, and that there is evidence that said pattern of use occurred during a period of time in which he possessed the firearm").

  b.  *§ 922(g)(3) is not void for vagueness*

Lundy next argues that § 922(g)(3) is void for vagueness because it does not "define[] a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited, and also in a manner that does not encourage arbitrary and discriminatory enforcement." [DE 71 at 274]. Lundy argues that "there was no evidence presented that [he] could have knowingly and unlawfully possessed firearms while having a status as a 'prohibited person' . . . The government did not prove any regular and ongoing use of a marijuana, *a controlled substance,* during the same time period as the firearms possession which qualified Defendant as a 'prohibited person.'" *Id.* at 275 (emphasis in original). The United States contends that § 922(g)(3) is not void for vagueness: "Title 18 U.S.C. § 922(g)(3) is an offense that ordinary people can understand what is prohibited and does not encourage arbitrary or discriminatory enforcement." [DE 82 at 362].

"No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[A] criminal law" violates this guarantee of due process if it "[is] so vague that it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). A law provides fair notice when it "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of*

5

*Rockford*, 408 U.S. 104, 108 (1972). Typically, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001) (quoting *United States v. Powell*, 423 U.S. 87, 92 (1975)); *see also United States v. Kernell*, 667 F.3d 746, 750 (6th Cir. 2012) ("For challenges to the statute that do not implicate First Amendment concerns, the defendant bears the burden of establishing that the statute is vague as applied to his particular case, not merely that the statute could be construed as vague in some hypothetical situation.") (internal quotations and citation omitted).

Although the Sixth Circuit has not ruled on this issue, "courts of appeals[1] have repeatedly rejected due process challenges," like Lundy's, "to the phrase 'unlawful user of a controlled substance.'" *United States v. Kimbrough*, 319 F. Supp. 3d 912, 916 (M.D. Tenn. 2018) (rejecting due process challenge to § 922(g)(3)); *See United States v. Cook*, 970 F.3d 866, 878 (7th Cir. 2020) ("Cook's attempt to challenge section 922(g)(3) as facially vague fails for all of the reasons we have discussed, and because he asserts no as-applied challenge to the statute, we reject his contention that the statute is inconsistent with his due process rights").

Lundy's challenge to 18 U.S.C. § 922(g)(3) must fail as well. § 922(g)(3) makes it "unlawful for any person . . . who is an unlawful user of . . . any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to . . . possess in or affecting commerce, any firearm or ammunition." § 922(g)(3) "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned*, 408 U.S. at 108. Based on the evidence, including his own testimony, Lundy is a passionate,

---

[1] *See United States v. Augustin*, 376 F.3d 135, 138 (3d Cir. 2004); *United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005); *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016); *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001); *United States v. Bennett*, 329 F.3d 769, 777 (10th Cir. 2003).

lifelong, and habitual user of cannabis products. Lundy's defense was based on the distinction between hemp (THC less than .03) and marijuana (THC more than .03). *See* 21 U.S.C.A. § 802 (West); 7 U.S.C.A. § 1639o (West). Lundy testified that, during the period specified in the indictment, he used hemp, not marijuana.

That said, as detailed above, the United States' evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt "that [Lundy] was engaged in a pattern of regular and repeated use of a [marijuana] during a period that reasonably covers the time a firearm was possessed." *Kimbrough*, 319 F. Supp. at 916. Lundy's "regular and "repeated" use of marijuana during this period put him on notice that he qualified as an unlawful user of drugs under § 922(g)(3). *See Purdy*, 264 F.3d at 812 ("[T]estimony at trial established that Purdy . . . used illegal drugs . . . on a regular basis for years, and that he had smoked methamphetamine and marijuana contemporaneously with his possession of a firearm . . . [T]his evidence establishes that Purdy's drug use was sufficiently consistent, 'prolonged,' and close in time to his gun possession to put him on notice that he qualified as an unlawful user of drugs"); *See also Patterson*, 431 F.3d at 835 ("As the statute applies to Patterson, it is not vague . . . He admitted that he regularly used marijuana and that he would have a difficult time complying with a release condition that required him not to use marijuana, and his urine specimen a week later tested positive for the drug"). Based on the evidence in his case and the weight of precedent, the Court declines to enter a judgment of acquittal based on Lundy's claim that § 922(g)(3) is void for vagueness.

3. <u>Count 2 and Count 6 (Manufacturing marijuana) and Count 3 (Possession of a controlled substance)</u>

Lundy asserts that "the evidence was insufficient to support a jury verdict that the marijuana was in fact a controlled substance, when there was countervailing evidence, even from the government, that it was hemp. Even if the marijuana was a controlled substance, the evidence

7

was insufficient to prove beyond a reasonable doubt that Defendant did knew it to be such." [DE 71 at 270].

The United States argues:

> [T]he testimony established that the substance collected from Mr. Lundy's residence, on three different occasions, was marijuana, a schedule I controlled substance, and not hemp. Elizabeth Guest, a DEA chemist, testified that she tested the marijuana from Mr, Lundy's residence for the presence of THC, which she clarified as meaning delta-9-tetrahydrocannabinol, the active ingredient in marijuana, a schedule I controlled substance.
>
> The presence of marijuana, along paraphernalia such as pipes and rolling papers commonly used to smoke marijuana, combined with Mr. Lundy's many admissions on the subject, are sufficient to support the jury's verdict. It was reasonable for the jury to find that Mr. Lundy had been smoking marijuana his entire life, except when incarcerated or on probation. It was reasonable for the jury to find that Mr. Lundy is a habitual marijuana (not hemp) smoker who grows his own supply of marijuana to smoke for recreational purposes. It was reasonable for the jury to find that Mr. Lundy was careful not to put himself in a situation where he could be accused of selling marijuana, although he freely admitted sharing it with friends, and even offered to share it with police officers. It was reasonable for the jury to assume that Mr. Lundy was aware of the penalties associated with growing marijuana (not hemp) since he told Agent Volk that he was careful to limit the number of marijuana plants that he grew to three or four, so that he would face a state misdemeanor charge instead of a state felony charge for cultivating five or more plants. And it was reasonable for the jury to find that Mr. Lundy was aware that the substance he was freely admitted smoking was marijuana, a controlled substance, since he told Agent Volk that he knew which plants were 'hot' and which ones were not.

[DE 82 at 360].

To sustain a conviction for manufacturing marijuana, the Unites States must prove that Lundy knowingly manufactured marijuana. *See* 21 U.S.C. § 841(a)(1); Sixth Circuit Pattern Jury Instruction 14.03A. Likewise, to sustain a conviction for possession of marijuana, the United States must prove that Lundy knowingly possessed marijuana. *See* 21 U.S.C. § 844; Sixth Circuit Pattern Jury Instruction 14.04. The evidence cited by the United States, viewed in the light most favorable to the United States, was sufficient to permit a rational trier of fact to convict Lundy of manufacturing marijuana and possession of marijuana.

**B.     Motion for a New Trial Under Rule 33**

1. Legal Standard

In the alternative, Lundy seeks a new trial. [DE 71 at 276]. Rule 33 provides that "[u]pon the defendant's motion, [a district] court may vacate any judgment and grant a new trial if the interest of justice so requires." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (quoting Fed. R. Crim. P. 33(a)). Rule 33's "interest of justice" standard allows the grant of a new trial where substantial legal error has occurred. *United States v. Whittle*, 223 F. Supp. 3d 671, 675 (W.D. Ky. 2016), *aff'd*, 713 F. App'x 457 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1580 (2018) (citing *Munoz*, 605 F.3d at 373). The court may grant a new trial on one of two grounds: (1) newly discovered evidence under Rule 33(b)(1); or (2) a motion "grounded on any reason other than newly discovered evidence" under Rule 33(b)(2). *Id.* The burden is on the defendant to justify a new trial. *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009). "The decision to grant or deny a motion for a new trial is entirely within the discretion of the district court, and [the Sixth Circuit] will not reverse absent a showing of an abuse of discretion." *United States v. Anderson*, 76 F.3d 685, 692 (6th Cir. 1996); *see also United States v. Farrad*, 895 F.3d 859, 885 (6th Cir. 2018); *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015). "[S]uch motions should be granted sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993); *see also United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (Rule 33 motions "are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." (citation and quotation omitted)).

2. Statements from Lundy's 2015 trial

Lundy argues that the Court erred by allowing the United States to introduce portions of his testimony from his 2015 trial. [DE 71 at 276]. The United States argues that the "[t]he

9

statements were important to establish that Mr. Lundy's marijuana use was consistent and prolonged, as required by the instruction as to Count 1 of the Superseding Indictment." [DE 82 at 365]. The Court agrees. Before trial, the United States submitted ten video clips from Lundy's testimony in his 2015 trial. The Court scrutinized each of the United States' proposed clips. Of those ten clips, the Court found that only three[2] were directly probative of regular and repeated use of marijuana. The Court did not err by allowing the United States to introduce these highly probative (and very brief) video clips. *See United States v. Ocampo*, 402 F. App'x 90, 103–04 (6th Cir. 2010) (evidence of defendant's drug possession three years before charged offense could be used to support conviction under § 922(g)(3)). Lundy has failed to carry his burden. *Carson*, 560 F.3d at 585.

## II. CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS** that:

1) Lundy's Motion for Judgment of Acquittal Or, In the Alternative, For New Trial [DE 71] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

October 27, 2020

---

[2] In these clips, Lundy testifies that he has smoked marijuana his entire life and explains how much marijuana he smokes each day.