UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---:|
| UNITED STATES OF AMERICA | Plaintiff |
| v. | Criminal Action No. 3:19-cr-38-RGJ |
| MARK LUNDY | Defendant |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Mark Lundy moves for release pending appeal under 18 U.S.C. § 3143(b). [DE 108]. The United States responded. [DE 111]. This matter is ripe. Having considered the parties' filings and the applicable law, the Court **DENIES** Lundy's Motion [DE 108].

## I.  BACKGROUND

The United States charged Lundy in a Superseding Indictment with two counts of possession of a firearm by a prohibited person, three counts of manufacturing a controlled substance, and one count of possession of a controlled substance. [DE 22]. A jury convicted Lundy of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) (Count 1), manufacturing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) (Count 2 and Count 6), and possession of a controlled substance in violation of 21 U.S.C. § 844(a) (Count 3). [DE 67; DE 22]. The jury returned not guilty verdicts on the remaining counts, manufacturing a controlled substance (Count 2), or possession of a firearm by a prohibited person (Count 5). [DE 67].

Following the jury's verdict, Lundy moved to set aside the guilty verdicts and enter a judgment of acquittal on all the counts arguing that

> (1) the evidence was insufficient "[w]ith regard to the counts charging [him] with possession of firearms by a prohibited person . . . to prove beyond a reasonable doubt that [he] knowingly and unlawfully possessed the firearms, when he reasonably believed he was not a 'prohibited person.' The government's proof

1

failed to establish the element of mens rea." [DE 71 at 270-271 (emphasis in original)],

(2) citing *Rehaif v. United* States, 139 S. Ct. 2191, 2194 (2019), Lundy further argued that the United States failed to prove that he "'possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.' The government did not produce any evidence that would suffice to prove that element, particularly in view of [Lundy's] reliance on state government officials in 2015 that he was lawfully entitled to possess firearms, notwithstanding his admitted use (at that time) of marijuana, a controlled substance" *Id*. at 71,

(3) that that § 922(g)(3) is void for vagueness because it does not "define[] a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited, and also in a manner that does not encourage arbitrary and discriminatory enforcement." [DE 71 at 274],

(4) that "there was no evidence presented that [he] could have knowingly and unlawfully possessed firearms while having a status as a 'prohibited person' . . . The government did not prove any regular and ongoing use of a marijuana, a controlled substance, during the same time period as the firearms possession which qualified Defendant as a 'prohibited person.'" *Id*. at 275.

(5) that "the evidence was insufficient to support a jury verdict that the marijuana was in fact a controlled substance, when there was countervailing evidence, even from the government, that it was hemp. Even if the marijuana was a controlled substance, the evidence was insufficient to prove beyond a reasonable doubt that Defendant did knew it to be such." [DE 71 at 270].

Alternatively, Lundy moved for a new trial arguing the Court erred by allowing the United States to introduce portions of his testimony from his 2015 trial. [DE 71 at 276]. The Court denied the motion. [DE 83].

The Court conducted a sentencing hearing on November 4, 2020. After addressing various objections and issues related to the sentencing, the Court sentenced Lundy to 46 months in Prison and remanded Lundy to the custody of the US Marshals. [DE 92 at 88-89]. Lundy filed a notice of appeal on November 19, 2020. [DE 95]. He now moves for release pending appeal under 18 U.S.C. § 3143(b).

## II. STANDARD

Under 18 U.S.C. § 3143(b)(2), a defendant found guilty of a violation of the Controlled Substance Act shall "be detained." The jury convicted Lundy of such an offense. Title 18 U.S.C. § 3145(c) establishes an exception to the mandatory detention provision of § 3143(b)(2). This exception enables the Court to release individuals who have met the conditions outlined in 18 U.S.C. § 3143(b)(1) for "exceptional reasons." 18 U.S.C. § 3145(c). The statute provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Thus, to overcome mandatory detention, Defendant must establish the presence of exceptional reasons that make detention inappropriate, as well as make two showings under § 3143(b)(1): (1) by clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of any other person or the community, and (2) that his appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of time served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1).

## III. DISCUSSION

A. <u>Risk of Flight or Danger to Others</u>

The Court ruled at the sentencing that Lundy is unlikely to flee or pose a danger to the safety of other persons or to the community. [DE 92 at 507]. The United States does not dispute the Lundy is unlikely to flee and the United States has not submitted information that changes the

3

Court's opinion on whether Lundy poses a danger to the safety of other persons or to the community.

      B.      <u>Substantial Question of Law or Fact</u>[1]

Defendant argues that his appeal raises substantial questions of law or fact: (1) whether the evidence was insufficient to support a finding that Lundy knew he was a "prohibited person," (2) whether the evidence could not support a finding that Lundy knew was using, possessing, or manufacturing a controlled substance, (3) whether the jury instructions should have required the jury to find that Lundy knew he was a prohibited person, (4) whether 18 U.S.C. 922(g)(3) is void for vagueness as applied, and (5) whether Lundy's sentence was unreasonable because of error in determining his base offense level and whether the enhancements applied were authorized. [DE 108 at 1275].

An appeal raises a "substantial question" of law or fact when it presents a "close question or one that could go either way." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citing *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir. 1985)). "[T]he Sixth Circuit has held that 18 U.S.C. § 3143(b)(1)(B) 'does not require the district court to find that it committed reversible error' for it to find that the appeal raises a substantial question." *United States v. Roth*, 642 F. Supp. 2d 796, 799 (E.D. Tenn. 2009) (quoting *Pollard*, 778 F.2d at 1182). Nor must the Court find that the Defendant is likely to prevail on appeal. *Powell*, 761 F.2d at 1234. *See also United States v. Eaton*, 2013 WL 5328212, at *2 (W.D. Ky. Sept. 20, 2013). The defendant bears the burden of proving the questions raised are substantial. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

---

[1] The Unites States does not argue that Lundy's motion is made for the purpose of delay. Lundy is already in custody. This element of 3143(b)(B) is not in dispute.

Lundy fails to articulate substantial questions of law or fact. The Court had examined and ruled on the issues Lundy raises both during and after trial. Lundy raises no novel factual or legal questions or issues doubtful to this Court when it issued its order denying the motion for acquittal or new trial.

Lundy argues the issue of whether the evidence was sufficient to support a finding that he knew he was a "prohibited person," raises a substantial question of law and fact. In § 922(g) cases, the United States must allege, prove, and instruct the jury that the defendant knew his status as a prohibited person. *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Lundy argues that the United States had to prove not only that he knew he was an unlawful user of a controlled substance, but that he knew unlawful users of controlled substances were prohibited from possessing firearms. The Sixth Circuit disagreed with this argument in *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied sub nom. Hope v. United States*, 140 S. Ct. 814 (2020), and *cert. denied*, 140 S. Ct. 2572 (2020) (quoting *United States v. Burchard*, 580 F.3d 341, 350 (6th Cir. 2009)). In *Bowens*, the Court reasoned that "*Rehaif* did not graft onto 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Id.* Thus, under § 922(g)(3), "the Government . . . must prove that defendants knew they were unlawful users of a controlled substance, but not, as defendants appear to argue, that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law." *Id.* In other words, the United States need not show that a defendant knew his status precluded him from having a gun, only that the defendant knew that he was a felon, drug user, or other prohibited person under the statute. *Id.* This issue does not present a close question or one that could go either way.

Along these same lines Lundy argues that the jury instructions should have included an instruction that the jury find Lundy knew he was a prohibited person in that he knew unlawful users of controlled substances were prohibited from possessing firearms and that this raises a substantial question.  But again, as discussed above, *Rehaif* does not require that Lundy knew he was a "prohibited person," just that he was an unlawful used of a controlled substance and that he possessed a firearm.  The Sixth Circuit's unpublished opinion in *United States v. Kendrick Conley*, No. 19-5168 (February 5, 2020), cited by Lundy, does not support Lundy's argument that the jury had to find Lundy knew he was a prohibited person in that he knew unlawful users of controlled substances were prohibited from possessing firearms.   In *Conley*, the indictment did not state that the defendant knew he was a prohibited person. *Id*. at 4. The Sixth Circuit held that this was harmless because Conley stipulated at trial that he had a prior felony conviction, which was strongly suggestive of his knowledge that the was a prohibited person and thus the error did not affect Conley's substantial rights. *Id*. at 5. Here, unlike in *Conley*, the superseding indictment alleges that Lundy had knowledge that he was an unlawful user of and addicted to a controlled substance and did knowingly possess a firearm in Counts 1 and 5, which charge him with possession of a firearm by a prohibited person.  Thus the indictment alleged that Lundy knew of his prohibited status when he knowingly possessed a firearm.  Lundy's argument on this issue does not raise a substantial question.

Lundy also argues the issue of whether the evidence was sufficient to support a finding that he knew was using, possessing, or manufacturing a controlled substance, raises a substantial question. The Court detailed the evidence from trial to support a finding that Lundy knew he was using marijuana.  [DE 83]. This included Lundy's prior testimony about prolonged marijuana use and Lundy's prior statements to a Kentucky State Police trooper. [DE 82 at 354-55, 360].  Lundy

has submitted nothing new that would change this issue. This issue does not present a substantial question.

Lundy argues that whether 18 U.S.C. 922(g)(3) is void for vagueness as applied raises a substantial question for appeal. § 922(g)(3) makes it "unlawful for any person . . . who is an unlawful user of . . . any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to . . . possess in or affecting commerce, any firearm or ammunition." The Sixth Circuit has not addressed this issue. But a law provides fair notice when it "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Typically, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001) (quoting *United States v. Powell*, 423 U.S. 87, 92 (1975)); *see also United States v. Kernell*, 667 F.3d 746, 750 (6th Cir. 2012) ("For challenges to the statute that do not implicate First Amendment concerns, the defendant bears the burden of establishing that the statute is vague as applied to his particular case, not merely that the statute could be construed as vague in some hypothetical situation.") (internal quotations and citation omitted). The Court explained in its reasoning on Lundy's motion for acquittal that given the facts of Lundy's case, the statute is not vague. [DE 83 at 374]. The Court understands that Lundy's defense hinged on the distinction between hemp and marijuana. But there was sufficient evidence at trial for a rational trier of fact to find beyond a reasonable doubt that Lundy was engaged in a pattern of regular use of marijuana, not just hemp, during that time period when a firearm was possessed. This pattern of marijuana use put Lundy on notice that he qualified as an unlawful user of drugs. Lundy thus does not raise a substantial question.

7

Finally, Lundy argues that substantial questions are raised as to whether his sentence was unreasonable because of error in determining his base offense level and whether the enhancements applied were authorized. [DE 108 at 1275]. Lundy argues the Court erred in (1) calculating the guidelines base offense level, (2) in applying the enhancement for having eight to twenty-four firearms, and (3) in applying the enhancement for use of a firearm in connection with another felony offense. The Court found Mr. Lundy's total offense level was 22, and with a criminal history category of II, Mr. Lundy's guideline range was forty-six to fifty-seven months. Mr. Lundy received a sentence forty-six months imprisonment, the lowest end of the range. [DE 92 at 500]. But Lundy fails to show how the Court's decisions on these matters presented close or novel questions and fails to give the Court a reason to question the validity of these decisions. "Mere identification of issues, without substantive arguments addressing the requirements of 18 U.S.C. § 3143(b)(1)(B), is not sufficient to establish a substantial question of law or fact." *United States v. Garnett*, 2008 WL 2796098, at *4 (E.D. Mich. July 18, 2008).

    C.    <u>Exceptional Reasons under § 3145(c)</u>.

Even if a defendant establishes a substantial question of law or fact, the Court must still find that he establishes "exceptional reasons" that would make the detention inappropriate pending resolution of this case under § 3145(c). Courts generally agree that the term "exceptional reasons" is limited to those situations which are "out of the ordinary," "uncommon," or "rare." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008)(citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary")). "Additionally, the cases establish that mere personal reasons, including caring for a family or gainful employment are not 'exceptional.'" *Miller*, 568 F. Supp. 2d at 774. *See also United States v. Christman*, 712 F. Supp. 2d 651, 656

(E.D. Ky. 2010); *United States v. Bush*, 2013 WL 3884505, *3 (E.D. Tenn. July 26, 2013). Neither Lundy nor the United States addressed this issue. But because Lundy fails satisfy the condition of release in section 3143(b)(1)(B), the Court need not address whether exceptional circumstances justify Lundy's release. § 3145(c).

For these reasons, the motion for bond pending appeal is denied.

### IV.   CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT ORDERS** that Lundy's Motion for Release Pending Appeal [DE 108] is **DENIED**.